STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF ANOKA                                      TENTH JUDICIAL DISTRICT

Kimberly Voight,

        Plaintiff,

v.                                                   **SUMMONS**

U.S. Bank, N.A.,                                     Court File No. _____

        Defendant.

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT(S)**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    WALKER & WALKER LAW OFFICES, PLLC
    ATTN: Bennett Hartz
    4356 Nicollet Avenue South
    Minneapolis, MN 55409

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you

agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Date: <u>March 16, 2018</u>   <u>/s/ Bennett Hartz</u>
Andrew C. Walker #392525
Bennett Hartz #393136
Walker & Walker Law Offices, PLLC
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357
*Attorneys for Consumer*

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

Kimberly Voight,

    Plaintiff,

v.

U.S. Bank, N.A.,

    Defendant.

**COMPLAINT**

Court File No. _____

1. Plaintiff Kimberly Voight ("Consumer") pleads the following claims based on violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, by U.S. Bank, N.A. ("U.S. Bank").

**VENUE, PARTIES, AND JURY TRIAL**

2. Consumer demands a jury trial to the extent available under US Const. Amend. 7.

3. Venue is proper because U.S. Bank regularly conducts business in Anoka County, and because the claims at issue in this case occurred in and harmed a person living there.

4. Consumer is a natural person residing in Anoka County.

5. U.S. Bank is a national association that regularly conducts business in Minnesota and Anoka County specifically.

**FACTS**

6. U.S. Bank is attempting to collect a debt from Consumer.

7. In an attempt to collect this debt, U.S. Bank routinely calls Consumer on her cellular telephone.

8. U.S. Bank places these calls to Consumer using an automated telephone dialing system, an artificial voice, or both—commonly called an "autodialer."

9. When answering these autodialed calls, Consumer immediately heard either a recorded, automated voice or a long pause of dead air. This pause indicates U.S. Bank's autodialer calling Consumer, and then connecting to a live operator at U.S. Bank within a few seconds of answering.

10. These factors, paired with the frequency of the calls, strongly suggest that U.S. Bank was calling Consumer's cell phone using an automated telephone dialing system.

11. U.S. Bank did not have Consumer's consent to use these electronic means to call her cell phone.

12. Consumer also explicitly revoked any consent to be called on her cell phone during a phone call with U.S. Bank on or about November 15, 2017.

13. Despite this explicit revocation, U.S. Bank continued to autodial Consumer's cell phone.

14. Following her revocation, U.S. Bank placed autodialed collection calls to Consumer on at least (but not limited to) 13 subsequent occasions.

15. U.S. Bank disregarded her revocation of consent and willfully continued to contact Consumer with impunity using a prohibited automated telephone dialing system.

**COUNT I: TELEPHONE CONSUMER PROTECTION ACT**

16. Consumer incorporates all other allegations as if set forth herein in full.

## RELIEF REQUESTED

Consumer requests an Order for the following relief:

1. Judgment in favor of Kimberly Voight and against U.S. Bank, N.A. for actual damages, or for statutory damages of $1,500 per each telephone call violating the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3).

2. Interest accruing from commencement of this action at 4% for awards up to $50,000.00, or at 10% for awards over $50,000.00, under Minn. Stat. § 549.09.

3. All other relief the Court deems just and equitable.


Date: <u>March 16, 2018</u>  /s/ *Bennett Hartz*
Andrew C. Walker #392525
Bennett Hartz #393136
Walker & Walker Law Offices, PLLC
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357
***Attorneys for Consumer***


Acknowledgement

Plaintiff, by counsel, acknowledges that Minn. Stat. § 549.211 sanctions can be imposed.

Date: <u>March 16, 2018</u>  /s/ *Bennett Hartz*
Bennett Hartz #393136